Gary R. Selvin, State Bar No. 112030
Melissa A. Dubbs, State Bar No. 163650
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:    (510) 874-1811
Facsimile:    (510) 465-8976
E-mail:   gselvin@selvinwraith.com
E-mail:   mdubbs@selvinwraith.com

Attorneys for Plaintiff
NAVIGATORS SPECIALTY INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>HOWARD DRYWALL, INC., J P HEINTZ & COMPANY INC.; and JUAN MANUEL LOPEZ;<br><br>    Defendants. | CASE NO.:<br><br>**NAVIGATORS SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF** |

## I.   INTRODUCTION

Plaintiff NAVIGATORS SPECIALTY INSURANCE COMPANY ("Navigators") seeks a judicial declaration that it owes no duty to defend or indemnify either defendant JP Heintz & Company Inc. ("Heintz") or defendant Howard Drywall , Inc. ("Howard Drywall") under the insurance policy Navigators issued to HOWARD DRYWALL, INC., regarding a bodily lawsuit brought in Sacramento County Superior Court by Howard Drywall's injured employee, defendant JUAN MANUEL LOPEZ ("Lopez"), because the Navigators policy excludes coverage for any claim arising out of bodily injury to *any* insured's employee.

## II.   JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.  The underlying lawsuit involves serious injuries with damages which allegedly greatly exceed the minimum amount

in controversy required for jurisdiction in this court. Venue is proper pursuant to 28 U.S.C. §1391(a)(1) and §1391(a)(2) in that (1) each defendant resides in and/or is subject to personal jurisdiction in this District at the time the action is commenced; and (2) the events giving rise to the claim, including the delivery of the insurance policy at issue and the underlying litigation, occurred in this District.

### III.  PARTIES

2.  During all relevant time periods, Navigators was and is an insurance company duly organized and existing under the laws of the State of New York having its principal place of business in New York and authorized to do business and doing business in this District.

3.  Navigators alleges on information and belief that at all relevant time periods, Heintz was and is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Sacramento, California and doing business within this District.

4.  Navigators alleges on information and belief that during all relevant time periods, Howard Drywall was and is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Roseville, California and doing business within this District.

5.  Navigators alleges on information and belief that during all relevant time periods, Lopez was and is an individual and resident of this District.  Navigators sues Lopez in this action to obtain a binding adjudication as to coverage because he is a potential judgment creditor under Insurance Code section 11580.

### IV.  FACTUAL BACKGROUND

6.  Navigators issued commercial general liability coverage to Howard Drywall under policy number 04-00006013, effective December 1, 2006 to December 1, 2007.  The policy provides limits of $1 million per occurrence, $2 million products-completed operations aggregate, and $2 million general aggregate limit.

7.  Navigators alleges on information and belief that subcontractor, Howard Drywall, entered into a master contract dated with general contractor Heintz to install gypsum board.

8.  Navigators alleges on information and belief that pursuant to the master contract,

1  Howard Drywall was to install drywall at St. Anna's Greek Orthodox Church located at 1001 Stone
2  Canyon Drive, Roseville, California.
3       9.   Navigators alleges on information and belief that Lopez, a Howard Drywall employee,
4  stepped between framing members into an open elevator shaft on the second floor of the property and
5  fell to the first floor below, causing him bodily injury.
6       10.  Navigators alleges on information and belief that on December 19, 2008, Lopez filed a
7  complaint against Heintz entitled *Lopez v. J.P. Heintz & Co., Inc.*, Sacramento County Superior Court
8  case number 34-2008-00029816-CU-PO-GDS which asserts a single cause of action for negligence
9  against Heintz and Does 1-50.  Lopez alleges that Heintz and the Doe defendants failed to provide a
10 safe work site.
11      11.  Navigators alleges on information and belief that Lopez also initiated a workers'
12 compensation claim against Howard Drywall.
13      12.  Navigators alleges on information and belief that on February 27, 2009 Heintz filed a
14 cross-complaint against Howard Drywall, alleging causes of action for indemnification and
15 declaratory relief.
16      13.  Navigators alleges on information and belief that Heintz alleges it was an additional
17 insured under the Navigators policy issued to Howard Drywall.
18      14.  Navigators disclaimed coverage to Heintz based on the absolute injury to employees
19 exclusion, set forth below.
20      15.  Howard Drywall tendered the *Heintz* cross-complaint to Navigators, which agreed to
21 defend Howard Drywall, subject to a complete reservation of rights including the right to seek
22 reimbursement and/or declaratory relief.
23      16.  Navigators issued commercial general liability coverage to Howard Drywall under
24 policy number 04-00006013, effective December 1, 2006 to December 1, 2007.  The policy provides
25 limits of $1 million per occurrence, $2 million products-completed operations aggregate, and $2
26 million general aggregate limit.
27      17.  The Navigators general liability coverage is written on form CG 0001 (ed. 12/04).
28 The Policy provides, in pertinent part, the following coverage provisions:

**SECTION I—COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement.**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.
   . . .
   b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

   (2) The "bodily injury" or "property damage" occurs during the policy period.

The Policy includes an endorsement entitled "Amendment – Employer's Liability Exclusion," form ANF 168 (07/99), which provides:

**AMENDMENT – EMPLOYER'S LIABILITY EXCLUSION**
**(EXCLUSION – BODILY INJURY TO EMPLOYEES – ABSOLUTE)**

Exclusion e. Employer's Liability of item 2. Exclusions, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, SECTION I – COVERAGES is replaced by the following:

   **e**.   Employers Liability

   "Bodily injury" to

   (1) An "employee" or "temporary worker" of any insured arising out of and in the course of:

   (a) Employment by any insured, or

   (b) Performing duties related to the conduct of an insured's business …

This exclusion applies:

   (1) Whether an insured may be liable as an employer or in any other capacity; and

   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

18. Under the Absolute Employers' Liability Exclusion, coverage is barred for "bodily injury" to an "employee" of "*any* insured" (which would include both Howard Drywall and Heintz) if such injury arises out of and is in the course of the employee's employment. Because Navigators' named insured Howard Drywall's employee, Lopez, suffered bodily injuries arising out of and in the course of his employment while at the job site, and has sued for damages based upon those injuries,

the Absolute Employer's Liability Exclusion applies to preclude coverage for both Heintz as a defendant in that action and Howard Drywall as a cross-defendant on the Heintz cross-complaint.

19. An actual controversy has arisen and now exists among Navigators, Heintz and Howard Drywall concerning their respective rights and obligations under the Navigators policy with respect to the underlying *Lopez* lawsuit and cross-complaint. Navigators contends that it has no duty to defend or indemnify defendant Heintz in the *Lopez* lawsuit or defend and indemnify Howard Drywall in the *Heintz* cross-complaint because the Policy's Absolute Employers' Liability Exclusion coverage bars coverage for "bodily injury" to an "employee" of "*any*" insured" (including both Howard Drywall and Heintz) arising out of and in the course of his or her employment. Because Howard Drywall's employee, Lopez, suffered bodily injuries arising out of and in the course of his employment with Howard Drywall, the Absolute Employer's Liability Exclusion applies to preclude coverage to both Heintz and Howard Drywall.

20. Navigators is informed and believes that Heintz and Howard Drywall will contend that there is coverage under the Navigators policy for the claims and causes of action contained in both the *Lopez* lawsuit and the *Heintz* cross-complaint, and that Navigators has a duty to defend and indemnify defendant Heintz in the *Lopez* lawsuit and defend and indemnify Howard Drywall in the *Heintz* cross-complaint.

21. Navigators seeks a judicial determination and declaration pursuant to 28 U. S. C. §2201 that (1) Navigators has no duty to defend or indemnify defendant Heintz in the underlying *Lopez* action; (2) Navigators has no duty to defend or indemnify defendant Howard Drywall in the underlying cross-complaint brought by Heintz which seeks indemnity; and (3) that Lopez is bound by this court's judicial determination and declaration on these matters.

22. Such declarations are necessary and proper at this time so that the parties may obtain an immediate judicial declaration of their rights, duties, and obligations under Navigators' policy, so that all parties will be bound by the same interpretation of the Navigators' policy, and so that the associated disputes can be effectively resolved without a multiplicity of actions.

///

## V. PRAYER

WHEREFORE, Navigators prays for judgment as follows:

1. For a judicial determination and declaration pursuant to 28 U. S. C. §2201 that

    a. Navigators has no duty to defend or indemnify defendant Heintz in the underlying *Lopez* action;

    b. Navigators has no duty to defend or indemnify defendant Howard Drywall in the underlying *Heintz* indemnity cross-complaint; and

2. Costs of suit; and

3. All other relief that the Court deems just and proper.

Dated:  November 6, 2009        SELVIN WRAITH HALMAN LLP

By:    /s/ Gary R. Selvin, Esquire
      Gary R. Selvin
      Melissa A. Dubbs
      Attorneys for Plaintiff
      Navigators Specialty Insurance Company

70244.doc