JAMES R. DONAHUE, SBN 105106
REBECCA WEINSTEIN-HAMILTON, SBN 162699
CAULFIELD, DAVIES & DONAHUE, LLP
Post Office Box 277010
Sacramento, CA 95827-7010
Telephone: (916) 817-2900
Facsimile: (916) 817-2644

Attorneys for: Defendant HOWARD DRYWALL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

-o0o-

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>HOWARD DRYWALL, INC., J P HEINTZ & COMPANY, INC., and JUAN MANUEL LOPEZ,<br><br>    Defendants. | Case No. 2:09-CV-03115-GEB-DAD<br><br>**DEFENDANT HOWARD DRYWALL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>DATE: March 8, 2010<br>TIME: 9:00 a.m.<br>Courtroom: 10<br>Judge: Garland E. Burrell, Jr.<br>Complaint Filed: November 9, 2009 |

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

I. STANDARDS FOR SUMMARY ADJUDICATION ............................................ 2

II. NAVIGATORS' AMENDMENT OF ITS EMPLOYER'S LIABILITY EXCLUSION IS FUNDAMENTALLY INCONSISTENT WITH THE REASONABLE EXPECTATIONS OF THE NAMED INSURED HOWARD DRYWALL, INC., AND J P HEINTZ & COMPANY, INC. ................. 4

III. THE POLICY PROVISIONS, TERMS, AND DATE OF EFFECTIVENESS PRESENTED BY PLAINTIFFS IN ITS MOTION FOR SUMMARY JUDGMENT ARE VAGUE, AMBIGUOUS, UNCERTAIN, AND INCOMPLETE, AND THEREFORE, A QUESTION OF FACT REMAINS AS TO WHETHER OR NOT DEFENDANTS HAD NOTICE OF THE CLAIMED EXCLUSION FROM COVERAGE ............................................... 8

IV. MATERIAL QUESTIONS OF FACT REMAIN AS TO WHETHER PLAINTIFF HAS WAIVED OR IS ESTOPPED FROM DENYING COVERAGE UNDER THE POLICY AND THEREFORE THE MOTION SHOULD BE DENIED AND/OR DEFENDANT J P HEINTZ & COMPANY, INC. BE ALLOWED SUFFICIENT TIME TO COMPLETE DISCOVERY ON SUCH ISSUES .................................................................................................. 9

V. CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Ryland Mortgage Co., Inc. v. Travelers Indemnity Co.* (D.Md. 2001)
177 F.Supp. 2d 435 ..........................................................................................................6

*Bank of the West v. Superior Court* (1992)
2 Cal.4th 1254 .................................................................................................................5

*Golden Eagle Ins. Co. v. Insurance Co. of the West* (2002)
90 Cal.App.4th 837 .........................................................................................................6

*Modica v. Hartford Acc. & Indem. Co.* (1965)
236 Cal.App.2d 588 ........................................................................................................6

*Montrose Chemical Corp. v. Superior Court* (1983)
6 Cal. 4th 287..............................................................................................................2, 3

*St. Paul Fire and Marine Insurance Co. v. American Dynast Surplus Lines Ins. Co.* (2002)
101 Cal.App. 4th 308 ......................................................................................................5

*Borg v. Transamerica Ins. Co.* (1996)
47 C.A. 4th 448...............................................................................................................3

*Vann v. Travelers Companies* (1995)
39 Cal.App.4th 1610 .......................................................................................................3

I.

INTRODUCTION

Plaintiff's motion was filed and served one month after Defendant, Howard Drywall, Inc. answered the complaint. The declaratory relief action seeks to deny liability to both Howard Drywall, Inc. and J P Heintz & Company, which was named as an additional insured under the policy pursuant to a sub-contractor agreement between Howard Drywall, Inc. and J P Heintz & Company. Defendants Howard Drywall, Inc. provided to its insurance agent a copy of the sub-contractor agreement, which in turn was to be provided to the company that was to issue a commercial general liability police for the policy term December 1, 2006 to December 1, 2007. Prior to December 1, 2006, Howard Drywall, Inc. was insured by another company, and had not been previously insured by Plaintiff. Mr. Lopez was injured on December 29, 2006, less than a month after the policy became effective. Plaintiff's policy itself, however, was not delivered to Howard Drywall until after more than six months passed from the effective date and after Mr. Lopez had been injured.

Plaintiff admits in its memorandum of points and authorities that its policy initially contained a narrower employer's liability exclusion that was subsequently amended to an employer's 'absolute' liability exclusion. It argues that the change in the language of the exclusion from "the" to "any" insured is clear and unambiguous to include liability coverage to the additional insured, J P Heintz & Company, Inc. However, omitted from the points and authorities, the separate statement and the declaration of Lisa O'Hara, are the dates when the exclusion was allegedly added to the policy, and when Howard Drywall, Inc. was given notice of this material change.

No discovery has occurred in this case, as both Defendants, Howard Drywall, Inc. and J P Heintz & Company have just appeared and have not had the opportunity to complete any discovery.

1

DEFENDANT HOWARD DRYWALL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CASE NO. 2:09-CV-03115 GEB-DAD

Specific discovery is required in order to present all pertinent facts in opposition to Plaintiff's motion for summary judgment. Issues to be addressed include whether Howard Drywall, Inc.'s agent adequately notified Plaintiff of the terms of the cub-contractor agreement regarding the minimum coverage to be provided by Howard Drywall, Inc; whether Plaintiff provided timely, or any, notice to Howard Drywall, Inc. that its policy would or could not contain the terms required by the subcontractor agreement; whether the added exclusion was valid and in effect at the time of Mr. Lopez' accident, and whether the affirmative defenses raised by, or which can be raised in an amended answer from defendants, including of waiver, estoppel, mutual mistake, fraud, and other inequitable conduct are supported by discovery facts sufficient to provide questions of material fact sufficient to defeat the motion for summary judgment and whether there are facts to support a claim for reformation of the policy.

Trial of Mr. Lopez' personal injury action in Sacramento County Superior Court has been continued, and has not been rescheduled. Expert witness discovery remains open.

## I.

## STANDARDS FOR SUMMARY JUDGMENT

Navigators Specialty Ins. Co.'s motion for summary judgment must be denied on the grounds that it has not met its burden for summary judgment. As follows here and in Defendant's Statement of Disputed and Undisputed Facts, Defendant presents substantial evidence showing the existence of triable issues of material facts as whether Howard Drywall, Inc. was provided any notice of the "absolute exclusion" Navigators is relying on prior to Mr. Lopez' accident, and was not provided a copy of the policy until four months after the subject injury occurred.

It is a well-established precept of insurance law that the duty to defend is broader than the duty to indemnify. *Montrose Chemical Corp. v. Superior Court,* 6 Cal.4th 287 (1993) (en banc)

(*Montrose I* ). "An insurer may have a duty to defend even when it ultimately has no obligation to indemnify, either because no damages are awarded in the underlying action against the insured or because the actual judgment is for damages not covered under the policy." *Borg v. Transamerica Ins. Co.*, 47 Cal.App.4th 448, 54 Cal.Rptr.2d 811, 814 (1996). But, at summary judgment stage, the insured must prove the existence of any potential for coverage, while the insurer must establish the absence of any such potential. "[T]he insured must prove the existence of a *potential for coverage, while the insurer must establish the absence of any such potential.* In other words, the insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot.* Facts merely tending to show that the claim is not covered, or may not be covered, but are insufficient to eliminate the possibility that resultant damages (or the nature of the action) will fall within the scope of coverage, therefore add no weight to the scales. Any seeming disparity in the respective burdens merely reflects the substantive law." (*Montrose I, supra,* at p. 300, emphasis in original.)" *Vann v. Travelers Companies*  39 Cal.App.4th 1610, 1614, (Cal.App. 1 Dist.,1995)

      As set forth in the Declaration of Rebecca Weinstein-Hamilton, submitted herewith, and declaration of counsel for John P. Coleman, counsel for J P Heintz, material facts do exist showing that Navigator's not only has a duty to defend its insured Howard Drywall, Inc. and it additional insured J P Heintz & Company, Inc. in connection with the Lopez incident, including, but not limited to the fact that neither Howard Drywall, Inc. had actual or constructive notice of the alleged absolute exclusion in the Navigators policy at any time advance of the subject accident.

      FRCP Rule 56(f) provides that if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be under taken; or (3) issue another just order.

II.

**NAVIGATORS' AMENDMENT OF ITS EMPLOYER'S LIABILITY EXCLUSION IS FUNDAMENTALLY INCONSISTENT WITH THE REASONABLE EXPECTATIONS OF THE NAMED INSURED HOWARD DRYWALL, INC. AND J P HEINTZ & COMPANY, INC.**

Prior to Lopez' accident of December 29, 2006, Howard Drywall, Inc. as a subcontractor, entered into a subcontract with contractor J P Heintz. The contract provided in relevant part an indemnity clause as well as an insuring clause. Said contract had been in effect since 2000 and these relevant clauses had not been amended nor changed up through the time of Lopez' accident in 2006. See Defendant Heintz' Statement of Genuine Issues in Opposition pages 6-8, Disputed Facts, hereinafter DF #s 3,4,5.

When the policy was up for renewal for the period of December 1, 2006 to December 1, 2007, Howard Drywall, Inc. through its insurance broker, contracted with plaintiff Navigators, a different insurer from the one used for the expiring policy period. See Defendant Howard Drywall, Inc.'s Statement of Genuine Issues, pages 7-8.

Howard Drywall Inc.'s reasonable expectation was that a "renewal" policy for the period of 12/01/06 through 12/01/07 obtained by its broker, even if from a different company, would contain all the provisions contained in prior general liability policies acquired from the broker, covering previous years. Howard Drywall Inc.'s reasonable expectations, as well as the reasonable expectations of its broker, was to obtain liability coverage for its additional insured J P Heintz in order to satisfy Howard Drywall's obligations to J P Heintz under its subcontract agreement. The obligation for defense and indemnity provided in relevant part that Howard Drywall would defend and indemnify J P Heintz for all liabilities and claims for personal injury "to any person", there being no mention therein of any limitation excluding injury claims brought by employees of any insured. In addition, the purpose of the insurance clause in the subcontract agreement to name J P Heintz as an additional insured was to satisfy the obligations to defend and indemnify J P Heintz directly through the insurance policy as opposed to

only through a cross-complaint against Howard Drywall. See Defendant Heintz' Statement of Genuine Issues in Opposition pages 6-8, Disputed Facts, hereinafter DF #s 2,6.

California Code of Civil Code § 1642 provides in relevant part: "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together". Contracts at issue herein involve the contract of insurance between Navigators Specialty Insurance Company and its named insured Howard Drywall, Inc. and the subcontract agreement between J P Heintz & Company, Inc. and Howard Drywall, Inc., and specifically those portions of said subcontract relating to indemnification and insurance.

At the time of the issuance of the renewal of the policy, plaintiff was aware that its named insured Howard Drywall, Inc. was adding to its policy a party, J P Heintz, to whom it had undertaken to provide defense and indemnification pursuant to the terms of that contract. In addition, Navigators understood that the additional insured endorsement was issued in express contemplation of the obligations undertaken by Howard Drywall. See Defendant Heintz' Statement of Genuine Issues in Opposition pages 6-8, Disputed Facts, hereinafter DF # 6.

The court must consider not only the policy language, but also the circumstances of the case and "apply a little common sense" when interpreting the reasonable expectations of an insured, let alone an additional insured, claiming coverage under the additional insured endorsement. (*St. Paul Fire and Marine Insurance Co. v. American Dynasty Surplus Lines Ins. Co.* (2002) 101 Cal.App.4th 1038, 1057-1058; *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264-1265, 1276.)

At the time of renewal of the subject policy, Howard Drywall, Inc. anticipated that the policy would be consistent with the terms of the subcontract language, and consistent with the terms in prior commercial liability policies obtained through the same agent. Neither the Howard Drywall, Inc. as the named insured nor J P Heintz, the additional insured, reasonably contemplated that upon renewal of the policy the employer's liability exclusion would be amended by endorsement to an employer's liability "absolute" exclusion defeating coverage to the additional insured JP Heintz for claims brought against it by an employee of Howard Drywall. Such an exclusion is non-sensical and defeats the very purpose of

the contract's indemnity clause and the insurance clause requirement for an additional insured endorsement in favor of J P Heintz.

Insurance policies may be reformed to show persons who are included in coverage, the nature of coverage and its extent, among other things. (*Modica v. Hartford Acc. & Idem. Co.* (1965) 236 Cal.App.2d 588.) Revision and/or reformation of a written contract which does not truly express the true intention of the parties is proper when such lack of express intention is the result of mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, or because of fraud. (Cal. Civil Code § 3399.) Accordingly, defendant Howard Drywall, Inc. upon completion of its necessary discovery, may have a right to reform the subject insurance contract, so that it's reasonable expectations of liability coverage for itself and for its additional insured are met as required under the subcontract agreement.

Under similar circumstances involving contractor/subcontractor indemnity clauses (also referred to as "contractual liability" and/or "insured contact"), courts have construed such clauses broadly in favor of coverage. (*Ryland Mortgage Co., Inc. v. Travelers Indemnity Co.* (D.Md.2001)177 F.Supp.2d 435, 439; *Golden Eagle Ins. Co. v. Insurance Co. of the West* (2002) 90 Cal.App.4th 837, 851, 852. In *Golden Eagle Ins. Co., supra,* the court went on to state:

> "in determining the insured's objectively reasonable expectations of coverage, 'the disputed policy language must be examined in context with regard to its intended function in the policy.'… These rules apply in determining the existence of an ambiguity and in resolving the conflict once an apparent ambiguity has been identified…¶ "We conclude that an insured with contractual liability coverage would reasonably expect that the indemnitee's attorney fees and costs are sums the insured becomes 'legally obligated to pay as damages because of' covered tort claims. 'Most construction agreements or contracts require downstream contractors' by way of indemnify provision. (Citations omitted.)…Indeed, in California an indemnity against claims and liability 'embraces the costs of defense against such claims' unless 'a contrary intention appears.'"

6
DEFENDANT HOWARD DRYWALL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:09-CV-03115 GEB-DAD

Navigators knew and/or should have known when it issued a "renewal" policy as its original policy for its insured, Howard Drywall, Inc., that Howard Drywall expected Navigators to provide liability coverage to the general contractor J P Heintz & Company, Inc., even for claims made by employees of Howard Drywall, because that is the coverage Howard Drywall had from its prior carrier, and because Howard Drywall, Inc. promised in its subcontract agreement do to so.  Moreover, as the duty to defend is broader than the duty to indemnify, Navigators must accept the tender of defense by its additional insured J P Heintz & Company, because Lopez' complaint alleged a claim against J P Heintz well within the insuring clause of the policy.

There was no clear and unambiguous notice to Howard Drywall, Inc. or its additional insured, J P Heintz, of any addition of an absolute employee exclusion, other than posting a one-page document in the middle of a 59-page policy (page 25 of 59), a document that was not delivered to Howard Drywall until May 2006, months after Lopez' accident.

The policy did clearly state an exception to the employer's bodily injury exclusion indicating that it "does not apply to liability assumed by the insured under an 'insured contract'. (Page 32 of 59 of the policy.) See Policy at Exhibit A to O'Hara declaration submitted by plaintiff.   In fact, there is no specific clear language stated in the policy advising any of its insureds that the exception to the employer's liability exclusion has been expressly deleted.  Accordingly, there is a clear ambiguity and conflict between the "absolute" exclusion and the exception to the exclusion for liability assumed under an "insured contract", i.e. the indemnity and insurance clauses of the subcontract.

The case law cited by plaintiff in support of its claim that its "absolute" exclusion is applicable and not ambiguous is meaningfully distinguishable. The referenced cases involve automobile, homeowner, or other forms of liability policies concerning claims against <u>co-insureds by definition</u> in the policies, such as family members or directors of corporation, and not claims against independent unrelated, additional insureds entitled to a defense and indemnity directly from the insurer.  The *Merchant's Mutual Insurance* case cited by plaintiff if further distinguishable as the issue decided therein was whether the insurer owed a duty to defend and indemnify its <u>named</u> insured, the

subcontractor, against the contractor's cross-complaint for indemnity. *Merchant's Mutual Insurance* did not involve a direct claim through an additional insured endorsement for defense from the insurer of a claim brought against the additional insured.

### III.

### THE POLICY PROVISIONS, TERMS, AND DATE OF EFFECTIVENESS PRESENTED BY PLAINTIFF IN ITS MOTION FOR SUMMARY JUDGMENT ARE VAGUE, AMBIGUOUS, UNCERTAIN, AND INCOMPLETE, AND THEREFORE, A QUESTION OF FACT REMAINS AS TO WHETHER OR NOT DEFENDANTS HAD NOTICE OF THE CLAIMED EXCLUSION FROM COVERAGE

Attached to the declaration of Lisa O'Hara is Exhibit A which she purports to be "a true and correct copy of policy no. 04-00006013 issued by Navigators to Howard Drywall, Inc.". In plaintiff's memorandum of points and authorities, plaintiff states "the Navigator's policy initially contained a narrower employer's liability exclusion" and thereafter makes reference to the exclusion contained in Navigator's Statement of Undisputed Material Fact 10 . (See p. 3, lns. 24-26 of plaintiff's points and authorities.) The O'Hara declaration and documents fail to indicate the dates when the exclusion was applicable to the policy issued to Howard Drywall, Inc. The O'Hara declaration further fails to indicate the date when said exclusion was amended by endorsement through the "amendment-employers liability exclusion absolute" form ANF168 (07/99) of the policy. Moreover, the O'Hara declaration also attached Exhibit "B" as a true and correct copy of the additional insured endorsement naming J P Heintz Company, Inc. under the policy, claiming such endorsement is part of the policy. However, the two documents attached a Exhibit "B" both show effective dates long <u>after</u> the subject Lopez accident, specifically they indicate that said endorsements were effective **06/25/07 – 12/01/07.** Lopez' accident occurred on December 29, **2006**.

Further, in plaintiff's memorandum of points and authorities in support of its motion, plaintiff also makes reference to an Exhibit C of O'Hara declaration at footnote 9 on page 3, and footnote 16, page 8. There is no Exhibit C attached to the declaration.

Howard Drywall, Inc. specifically caused Defendant J P Heintz & Company, Inc. to be named an additional insured of the policy. Howard Drywall, Inc. provided to Wasserman & Associates, its

8
DEFENDANT HOWARD DRYWALL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CASE NO. 2:09-CV-03115 GEB-DAD

insurance broker, with copies of the subcontractor agreement that specified the type and amount of insurance he contracted to provide. J P Heintz & Company, Inc. is an expressed third party beneficiary as an additional insured of the policy.

Defendant, Howard Drywall, Inc. joins J P Heintz & Company in requesting additional time to complete discovery concerning the formation of said policy, the dates of effectiveness of the amended exclusion, and the reasons and authority, if any, for including said exclusion at all. Clearly, the exclusion is fundamentally inconsistent and contrary to the mutual intentions of the parties. Further, Howard Drywall, Inc. believes that a necessary party to this litigation may have to be joined, specifically Wasserman & Associates, for complete resolution of the issues addressed in Plaintiff's motion for summary judgment.

## IV.

### MATERIAL QUESTIONS OF FACT REMAIN AS TO WHETHER PLAINTIFF HAS WAIVED OR IS ESTOPPED FROM DENYING COVERAGE UNDER THE POLICY AND THEREFORE THE MOTION SHOULD BE DENIED AND/OR DEFENDANT J P HEINTZ & COMPANY, INC. BE ALLOWED SUFFICIENT TIME TO COMPLETE DISCOVERY ON SUCH ISSUES

J P Heintz & Company, Inc. raised affirmative defenses in its answer to complaint which included, but are not limited to, estoppels, waiver, mutual mistake, fraud, and other inequitable conduct entitling defendant to seek reformation of the insurance policy. (See J P Heintz & Company, Inc. Request for Judicial Notice Ex. 1.) Howard Drywall, Inc. similarly specifically raised, some or all of the same affirmative defenses, and reserved the right to amend its answer to raise others, and incorporated all affirmative defenses raised by any other party. (Howard Drywall, Inc. Request for Judicial Notice Exhibit 1.)

Defendant Howard Drywall, Inc. did not receive a copy of the Navigator policy acquired in its name by Wasserman & Associates for the period of 12/01/06 through 12/01/07 as a "renewal" policy. It had no notice, therefore, of any exclusions contained in the policy issued by plaintiff that were materially different from the general commercial liability policies he had in the past, including the immediately prior year.

As noted in the Opposition by Co-Defendant J P Heintz & Company, Inc., Howard Drywall, Inc. was previously covered with a policy of insurance from another company that contained no such "Employer's Liability Exclusion." Howard Drywall, Inc. had no reason to expect that the "renewal" policy actually issued by Plaintiff contained such an exclusion. Moreover, because the policy was not delivered until May 2006, defendant had no opportunity to review the language of any endorsement, that materially altered the coverage contained in prior policies. Thus, additional discovery is necessary to determine if the "narrower employer's liability exclusion" referenced in plaintiff's memorandum of points and authorities at page 3, lines 24 – 26, and in Navigator's Statement of Undisputed Material Fact 10, was actually in effect on the date of Lopez' accident, as the accident occurred only 29 days after the Navigator's policy was issued. Similarly, based on the absence of evidence of the date of amendment of the policy, and the date it purportedly became effective in Plaintiff's motion, further discovery is required to determine whether the exclusion may have been amended after the accident, but before the copy of the policy was actually delivered, assuming that the exclusion was contained in the copy delivered in May, 2006. Further, Defendant Howard Drywall, Inc. should be allowed sufficient opportunity to complete discovery on the issue of whether Navigator's is estopped from enforcing an exclusion under the circumstances, and whether the policy of insurance must be reformed to match its reasonable expectations.

Howard Drywall, Inc. joins with co-defendant J P Heintz & Company, Inc. in requesting that this court either deny Navigator's motion, or continue the motion to allow both defendants sufficient opportunity to complete discovery on this issue of waiver and estoppel.

V

## CONCLUSION

For all the foregoing reasons, defendant Howard Drywall, Inc. respectfully requests the Court deny plaintiff's motion for summary judgment at this time and/or continue said motion for a minimum of 90 days to allow defendant to complete its necessary discovery and investigation of the facts.

Dated: February 22, 2010

CAULFIELD DAVIES & DONAHUE, LLP

By: *[signature]*
JAMES R. DONAHUE
REBECCA WEINSTEIN-HAMILTON
Attorney for Plaintiff
HOWARD DRYWALL, INC.

11
DEFENDANT HOWARD DRYWALL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:09-CV-03115 GEB-DAD