Gary R. Selvin, State Bar No. 112030
Melissa A. Dubbs, State Bar No. 163650
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:    (510) 874-1811
Facsimile:    (510) 465-8976
E-mail:  gselvin@selvinwraith.com
          mdubbs@selvinwraith.com

Attorneys for Plaintiff
Navigators Specialty Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>     v.<br><br>HOWARD DRYWALL, INC.; J P HEINTZ & COMPANY INC.; and JUAN MANUEL LOPEZ,<br><br>              Defendants. | Case No.: 2:09-cv-03115-GEB-DAD<br><br>**PLAINTIFF NAVIGATORS SPECIALTY INSURANCE COMPANY RESPONSE TO DEFENDANT J P HEINTZ & COMPANY INC.'S OBJECTION TO EVIDENCE**<br><br>Date:        March 8, 2010<br>Time:        9:00 a.m.<br>Courtroom:   10<br>Assigned To: Judge Garland E. Burrell, Jr.<br><br>Complaint Filed: November 9, 2009 |

Plaintiff NAVIGATORS SPECIALTY INSURANCE COMPANY hereby responds to

Defendant J P HEINTZ & COMPANY, INC'S Objections to Evidence as follows:

| DEFENDANT'S OBJECTIONS | PLAINTIFFS' RESPONSE |
|---|---|
| 1. <u>Declaration of Lisa O'Hara, P. 1, and Exhibit A attached thereto:</u><br><br>     This paragraph is subject to all the grounds that it is inadmissible hearsay (FRE802); lacks proper authentication (FRE 901 (A.) and 903); lack of personal knowledge (FRE 602). Specifically, there are no facts stated in the O'Hara declaration establishing the O'Hara has knowledge when the subject policy was amended to include an absolute exclusion for bodily injury to employees, there being inconsistent and ambiguous evidence to the contrary in her declaration at p. 2, ¶3 wherein she references to a | 1. The Declaration of Lisa O'Hara which attaches the Navigators' policy at Exhibit A is admissible under Federal Rules of Evidence 901(b)(1). Her declaration states that she is the underwriter, that she is responsible for day-to-day operations regarding issuance of the policy, and that she has personal knowledge that the policy attached to her declaration as Exhibit A is a true and correct copy of the policy.<br><br>     Defendant's objection is without merit. It is not hearsay, is based on her personal knowledge and is properly authenticated. |

| | |
|---|---|
| 1  correct copies of the policy bearing effective dates of 06\25\07--12\01\07 which are irrelevant to the issue of what provision applied at the time of the plaintiff accident on December 29, 2006.<br><br>Defendant will respectfully request the court at the hearing on the motion to sustain the above objections at strike the evidence referred to above. | As to the objection that she does not state when the absolute exclusion became part of the policy that is based on defendants' misinterpretation of the policy. The policy's Common Policy declaration page clearly state that, "THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND **ENDORSEMENTS, IF ANY**, ISSUED TO FORM A PART THEREOF, **COMPLETE THE ABOVE NUMBERED POLICY**." Doc. 10-7, page 5, *O'Hara Declaration*, Exhibit A, at Policy 0004. The Common Policy Declarations tell Howard Drywall that the Endorsements included in the package policy, form part of, and complete Policy No. 04-00006013 which became effective on December 1, 2006. And finally, the General Liability Coverage Part Declarations list the endorsements which make up part of the CGL terms, conditions and exclusions on inception. The declaration pages reads, "***Forms and endorsements applying to this Coverage Part and a part of this policy at time of issue***: . . .**ANF 168 (07\99)** . . . THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING THE NAME OF THE INSURED AND THE POLICY PERIOD.." Doc. 107, page 13, *O'Hara Declaration*, Exhibit A, at Policy00012. Consequently, defendants' claims of the "absence of evidence of the date of the amendment to the policy and the date it purportedly became effective," are wholly without merit. Plaintiff cannot unilaterally or otherwise change or add exclusions to a policy once it has incepted; only the Named Insured has that ability under the Common Conditions Section of the Policy. *See*, Doc. 10-7, page 8, *O'Hara Declaration* to Plaintiffs' Motion for Summary Judgment, Exhibit A, at p. Policy00007. The absolute employee exclusion is reflected on the declarations pages as having been a part of the policy from inception. |

Dated: March 1, 2010                                     SELVIN WRAITH HALMAN LLP


By: /s/ Gary R. Selvin
    Gary R. Selvin
    Melissa A. Dubbs
    Attorneys for Plaintiff
    Navigators Specialty Insurance Company

74195.doc

2

**Plaintiff's Response to J P Heintz's Objection to Evidence**

**Case No.: 2:09-cv-03115-GEB-DAD**